Gregg McLean Adam, Bar No. 203436
   gregg@majlabor.com
**MESSING ADAM & JASMINE LLP**
Attorneys at Law
235 Montgomery Street, Suite 828
San Francisco, CA  94104
Telephone:     415.266.1800
Facsimile:     415.266.1128

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MEINHARDT, KIRK KIM, CAMRON BAILEY, TIMOTHY AHEARN, and JILL AHEARN, on behalf of themselves and all similarly situated individuals, | Case No. |
| | **COMPLAINT FOR DECLARATORY JUDGMENT AND UNPAID COMPENSATION UNDER THE FAIR LABOR STANDARDS ACT** |
| Plaintiffs, | [29 U.S.C. § 201 *ET SEQ*.] |
| v. | JURY TRIAL DEMANDED |
| CITY OF SUNNYVALE, | |
| Defendant. | |

PRELIMINARY STATEMENT

1.      The Plaintiffs are employees of Defendant City of Sunnyvale ("the City") and bring this action on behalf of themselves and other individuals similarly situated.  This is an action for a declaratory judgment under 28 U.S.C. sections 2201 and 2202 and for unpaid overtime and other compensation, interest thereon, liquidated damages, costs of suit and reasonable attorney fees, and other relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. section 201, *et seq.*

JURISDICTION AND VENUE

2.       Jurisdiction of this action is conferred on this Court by 28 U.S.C. section 1331, 29 U.S.C. section 216(b), and 28 U.S.C. section 1337. This Court has subject matter jurisdiction pursuant to 29 U.S.C. sections 207 *et seq.* Venue lies within this district pursuant to 28 U.S.C. section 1391.

PARTIES

3.       Plaintiffs are current and former employees of the City.

4.       Plaintiffs bring this action on behalf of themselves and other similarly situated individuals, who are non-exempt City employees due compensation under the FLSA on a variety of schedules including a partial overtime exemption under 29 U.S.C section 207(k) for fire protection and law enforcement personnel and non-207(k) schedules.  The amount of payments due may vary by employee.

5.       Those individuals constitute a well-defined community of interest in the questions of law and fact in this case.  The claims of the represented Plaintiffs are typical of the claims of those similarly situated.  Thus, the named Plaintiffs will fairly and adequately reflect and represent the interests of those similarly situated and have retained counsel competent and experienced in class action and FLSA litigation.

6.       There is no conflict as to the individually named Plaintiffs and other members of the class with respect to this action or with respect to the claims for relief set forth herein.

7.       Pursuant to 29 U.S.C. sections 216(b) and 256, the named Plaintiffs herein have executed and hereby file with the Court their consents in writing to become party Plaintiffs in this action, which is appended hereto as Exhibit A.  When other individuals similarly situated join this action, their consent will be filed with the Court.  These written consent forms set forth each Plaintiff's name and intent to be party to this lawsuit.

8.       Defendant City of Sunnyvale is a political subdivision of the State of California, an "employer" within the meaning of 29 U.S.C. section 203(d), an "enterprise" under 29 U.S.C. section 203(r), and a "public agency" within the meaning of 29 U.S.C. section 203(x), and employed the Plaintiffs.

9.      Defendant implemented an illegal compensation computation method, which undercounts Plaintiffs' "regular rate" of pay.  Defendant's method of calculating Plaintiffs' "regular rate" of pay has resulted and continues to result in under-payment for overtime hours worked.  Defendant permitted Plaintiffs to perform overtime work without proper compensation.

<u>FACTS</u>

10.      The Plaintiffs in this action, while employed by the City, have been "employees" within the meaning of 29 U.S.C. section 203(e)(1) within the last three years and, thus, entitled to the rights, protections, and benefits provided under the FLSA.

11.      Plaintiffs and similarly situated individuals are employees of the City who are non-exempt from overtime, and have incurred some overtime during the time period in question.

12.      Plaintiffs and similarly situated individuals routinely work hours above the applicable FLSA threshold – whether subject to a 207(k) or non-207(k) schedule – and in excess of their regularly scheduled hours, resulting in additional overtime pay obligations for the City.

13.      Plaintiffs also work hours above their respective FLSA work period thresholds as part of their regular schedules, resulting in overtime pay obligations for the City.

14.      Pursuant to 29 U.S.C. section 207(e), the "regular rate" must include all remuneration received by an employee unless it is explicitly excluded.  The burden is on an employer to demonstrate that a payment is excludable from the regular rate. (*Madison v. Resources for Human Development* (3rd. Cir. 2000) 233 F.3d 175, 187.)

15.      In addition to the hourly wages for regularly-scheduled hours, the City provides Plaintiffs with additional compensation including, but not limited to, cash in lieu of medical benefits.

16.      29 U.S.C. section 207(e)(2) allows employers to exclude certain payments from the "regular rate" of pay.  However, employers are not allowed to exclude monetary compensation paid to Plaintiffs in lieu of contributions for medical benefits from their "regular rate" of pay.

17.     Employers are allowed to exclude from the "regular rate" contributions they irrevocably make to a trustee or third person pursuant to a "bona fide plan" for providing health insurance benefits.

18.     The Department of Labor's interpretation of the term "bona fide plan" is set forth in 29 C.F.R. section 778.215(a)(5), which states, in part:

> "The plan must not give an employee the right to assign his benefits under the plan nor the option to receive any part of the employer's contributions in cash instead of the benefits under the plan: Provided, however, that if a plan otherwise qualified as a bona fide benefit plan under section 7(e)(4) of the Act, it will still be regarded as a bona fide plan even though it provides, as an incidental part thereof, for the payment to an employee in case of all or part of the amount standing to his credit."

19.     In *Flores v. City of San Gabriel*, 2016 WL 3090782, the Ninth Circuit Court of Appeals held that payments to employees in lieu of health benefits were not excludable from the "regular rate" of pay under either 29 U.S.C. sections 207(e)(2) or (e)(4).  With respect to the exclusion codified in 207(e)(2) and its companion federal regulation, the court noted "Under § 778.224(a), a payment may not be excluded from the "regular rate" of pay pursuant to §207(e)(2) if it is generally understood as compensation for work, even though the payment is not directly tied to specific hours worked by an employee." (*Id.*) Further, the Court held that cash payments in lieu of health benefits were not excludable from the "regular rate" under 207(e)(4).

20.     Defendant's past and current practice of computing overtime has impermissibly reduced the amount being paid to Plaintiffs and similarly situated individuals by failing to compute all statutorily required amounts into the "regular rate" of pay as defined by 29 U.S.C. section 207(e).

21.     As part of the compensation provided Plaintiffs and other similarly situated individuals, Defendant has provided additional compensation including but not limited to a

"Cash in-Lieu of Medical Coverage" program for Employees that opt-out of medical benefits or reduce their medical coverage from full family or 'employee plus one' coverage.

22.     Many such payments were made to Plaintiff Camron Bailey and similarly situated individual employees (not to a trustee or third person).

23.     Defendant treated some of these payments to Plaintiffs and similarly situated individuals as wages for the purpose of tax withholdings.

24.     Plaintiffs are informed and believe, and thereon allege, that payments Defendant made to Plaintiffs and other similarly situated individuals' medical and other health and welfare benefits were not made pursuant to a "bona fide plan" within the meaning of 29 U.S.C. section 207(e)(4) and 29 C.F.R. section 778.215.  Because the remunerations paid to Plaintiffs in lieu of these benefits were compensation for work and were not made pursuant to a bona fide benefit plan, they must be included in the "regular rate" of pay for determining overtime compensation as required by the FLSA.

25.     In addition to the hourly wages for regularly-scheduled hours, the City provides also Plaintiffs with additional compensation including, but not limited to, cash in lieu of holiday pay, in the amount equivalent to 4.15 hours of additional pay per period, which is provided to plaintiffs without regard to whether they work on the holiday or not.

26.     At all times material herein, the Defendant's practices did not include all of the required additional compensation in the calculation of the "regular rate" of pay for Plaintiffs and similarly situated individuals for the purposes of determining overtime compensation as required by the FLSA. The City has thus failed to appropriately calculate the applicable "regular rate" and to pay Plaintiffs and similarly situated individuals the required premium overtime rates for all hours of overtime they worked.

27.     At all times relevant hereto, Defendant and its agents and representatives were aware of their obligations to properly compute and use the correct "regular rate" of pay in calculating overtime compensation owed to Plaintiffs and similarly situated individuals.

28.     Plaintiffs are informed and believe, and thereon allege, that Defendant and its agents and/or representatives willfully and knowingly violated FLSA by continuing to exclude

1  remunerations from the calculation of Plaintiffs' and similarly situated individuals' "regular

2  rate" of pay.

3       29.    Defendant's continuing failure to properly compensate Plaintiffs and similarly

4  situated individuals is not in good faith and is a willful violation of the FLSA as it applies to

5  employees of local governments.

6       30.    As a result of the foregoing violations of FLSA, Plaintiffs seek damages for

7  unpaid overtime, interest thereon, liquidated damages, costs of suit and reasonable attorney fees

8  pursuant to 29 U.S.C. section 216(b).

9  **<u>FIRST COUNT</u>**

10

11  <u>The City Has Violated 29 U.S.C. Section 207 by Failing to Accurately
Calculate Plaintiffs' Regular Rate and Overtime Rate of Compensation</u>

12       31.    Plaintiffs hereby incorporate by reference paragraphs 1 through 30 in their

13  entirety and restate them here.

14       32.    At all times material herein, Plaintiffs and similarly situated individuals have

15  been entitled to the rights, protections and benefits provided under the FLSA, 29 U.S.C. § 201,

16  *et seq.*

17       33.    During the times where Plaintiffs and similarly situated individuals have worked

18  hours in excess of their regular schedules, they have been entitled to overtime compensation at a

19  rate of one and one-half times their regular rate of pay for each additional hour or fraction

20  thereof worked.  29 U.S.C. § 207; 29 C.F.R. § 553.230.  Plaintiffs and similarly situated

21  individuals may also be entitled to overtime compensation under the MOU.

22       34.    The "regular rate" of pay from which the premium overtime rate of pay for

23  Plaintiffs and similarly situated individuals is derived must include "all remuneration for

24  employment." 29 U.S.C. § 207(e).  Such remuneration includes not only Plaintiffs' agreed

25  hourly rates, but also pay premiums including, but not limited to, holiday in lieu pay, out-of-

26  class pay, and special assignment pay, as well as compensation under City health and welfare

27  benefits plans that are not "bona-fide" plans or any cash taken in lieu of receiving such benefits.

28

35.     At all times material herein, the City has failed and refused to provide Plaintiffs and similarly situated individuals with overtime compensation at a rate of one and one-half times their regular rate of pay by failing to include such remuneration in calculating the regular rate.

36.     The City's refusal to provide overtime pay at the proper rate to Plaintiffs and similarly situated individuals for the hours they have worked in excess of their regular schedules wrongly deprives Plaintiffs and similarly situated individuals of the FLSA overtime compensation that is due to them at times material herein.

37.     At all relevant times, the City has been aware of the provisions of the FLSA. The City's actions and omissions as alleged herein were knowing, willful, bad faith, and reckless violations of 29 U.S.C. section 207 within the meaning of 29 U.S.C. section 255(a).

38.     As a result of the aforesaid willful violations of the FLSA, overtime compensation has been unlawfully withheld by the City from Plaintiffs and similarly situated individuals for which the City is liable pursuant to 29 U.S.C. sections 216(b) and 255, together with an additional equal amount as liquidated damages, interest, reasonable attorneys' fees and the costs of this action.

39.     The employment and work records for the Plaintiffs and those individuals who are similarly situated are in the exclusive possession, custody and control of the City, and the Plaintiffs are unable to state at this time the exact amounts owing to them. The City is under a duty imposed by the FLSA, 29 U.S.C. § 211(c), and the regulations of the United States Department of Labor to maintain and preserve payroll and other employment records.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and those individuals who are similarly situated request from the Court the following relief:

A.      A declaratory judgment declaring that the City has willfully, unreasonably, wrongfully, and without good faith, violated its statutory and legal obligations, and deprived Plaintiffs of their rights, protections and entitlements under federal law, as alleged herein;

1    B.    An order for a complete and accurate accounting of all the compensation to which

2 Plaintiffs are entitled;

3    C.    Judgment against the City awarding Plaintiffs monetary damages in the form of three

4 (3) years' back pay compensation, liquidated damages equal to his/her unpaid compensation, plus

5 pre-judgment and post-judgment interest;

6    D.    An award of reasonable attorneys' fees, as well as costs and disbursement of this

7 action; and

8    E.    An award granting such other further relief as the Court deems proper.

9

10                          JURY TRIAL DEMAND

11    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby respectfully

12 request a trial by jury on all claims presented in this Complaint.

13

14 Dated:  September 27, 2016            MESSING ADAM & JASMINE LLP

15

16                          By  ___/s/ Gregg McLean Adam_____

17                              Gregg McLean Adam
                               Attorneys for Plaintiffs
18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DECLARATORY JUDGMENT AND UNPAID COMPENSATION UNDER THE FAIR LABOR STANDARDS ACT