Gregg McLean Adam, Bar No. 203436
  gregg@majlabor.com
D. Paul Bird II, Bar No. 202066
  paul@majlabor.com
**MESSING ADAM & JASMINE LLP**
235 Montgomery Street, Suite 828
San Francisco, California 94104
Telephone:   415.266.1800
Facsimile:    415.266.1128

Attorneys for Plaintiffs


Arthur A. Hartinger, Bar No. 121521
  ahartinger@publiclawgroup.com
Kevin P. McLaughlin, Bar No. 251477
  kmclaughlin@publiclawgroup.com
**RENNE SLOAN HOLTZMAN SAKAI LLP**
1220 Seventh Street, Suite 300
Berkeley, CA  94710
Telephone:   510.995.5800
Facsimile:    415.678.3838

Attorneys for Defendant
CITY OF SUNNYVALE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MEINHARDT, KIRK KIM, CAMRON BAILEY, TIMOTHY AHEARN and JILL AHEARN, on behalf of themselves and all similarly situated individuals.<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SUNNYVALE,<br><br>Defendant. | Case No.  5:16-CV-05501 EJD<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER APPROVING SETTLEMENT AND DISMISSAL OF MATTER WITH PREJUDICE**<br><br>Hon. Edward J. Davila<br><br>Complaint filed: September 27, 2016<br>Trial date:       Not Set |

This Stipulation and Settlement Agreement is made between Defendant CITY OF

SUNNYVALE (hereafter "Defendant" or "City") and named Plaintiffs KIRK KIM, CAMRON

BAILEY, and TIMOTHY AHEARN and the following opt in Plaintiffs:  Andrea Atkinson, Rafael

Chavez, Spencer Chen, Catalina Cruz, Dean Discher, Christopher Fiene, Rene Fernandez, Tracy

Hern, Paul Kuczma, David Longanecker, Robert Malvini, Robert Mathers, Scott McCulloch, Shawn Nunes, Gregory Othon, Marianne Siu, Grant Smith, and Regan Williams (collectively the "Parties").

On September 9, 2016, Plaintiffs (on behalf of themselves and all current and former non-exempt City employees who worked overtime at any time since September 9, 2013) filed their complaint against the City alleging Plaintiffs are entitled to additional overtime pay under the Fair Labor Standards Act ("FLSA"). The complaint alleges the City violated the FLSA by failing to pay Plaintiffs the full amount due for all overtime hours worked. The complaint alleges the City failed to properly calculate the overtime rate of pay by excluding contributions for health care benefits or cash-in-lieu of health care benefits payments from the regular rate of pay, and excluding holiday-in-lieu payments from the regular rate of pay. During the course of litigation Plaintiffs also raised a claim that the City violated the FLSA by failing to include bilingual premium pay in the regular rate of pay for overtime under the FLSA. Plaintiffs allege they are entitled to recover unpaid overtime from September 9, 2013 to the present, plus liquidated damages in an equal amount, a declaratory judgment, an accounting, and attorneys' fees and costs. The City timely answered the complaint, generally denying the allegations and raising multiple affirmative defenses.

In an effort to resolve the issues raised in the lawsuit, the Parties engaged in extensive negotiations regarding these matters, with all Parties represented by counsel experienced in wage and employment matters.

The Parties participated in two days of a settlement conference before Magistrate Judge Susan van Keulen and, at the close of the second day of the settlement conference, under the guidance of Judge van Keulen, reached agreement on the terms of a settlement, which is memorialized in the attached Settlement Agreement (attached hereto as Exhibit 1). By entering into this Settlement Agreement, the City does not admit, and continues to expressly deny, any liability for the claims alleged. The City Council subsequently approved and authorized the settlement terms described in the Settlement Agreement.

The Parties wish to avoid the potential uncertainty, expense and delay of litigation and therefore, based on their extensive negotiations, agree to a settlement of these disputes. The Parties

understand that the potential recovery at trial remains unknown, but the Parties believe that the terms of the Settlement Agreement are consistent with and within the range of a reasonable result that Plaintiffs might expect to obtain after a trial, and that the settlement represents a fair, reasonable, and adequate resolution of the Parties' dispute.

The Parties desire to resolve all of the outstanding issues in the above-described lawsuit, and to that end, entered into the Settlement Agreement. The Parties hereby agree, warrant, represent, and stipulate to the terms as set forth in the Settlement Agreement and seek an Order approving the Settlement Agreement and dismissing this matter with prejudice.

Dated: October 5, 2017    RENNE SLOAN HOLTZMAN SAKAI LLP

By: _____/S/_____
KEVIN P. MCLAUGHLIN
Attorneys for Defendant
City of Sunnyvale

Dated: October 5, 2017    MESSING ADAM & JASMINE LLP

By: _____/S/_____
D. PAUL BIRD II
Attorneys for Plaintiffs

**[PROPOSED] ORDER**

Pursuant to the parties' Stipulation, careful review of the parties' Settlement Agreement and relevant exhibits thereto, and good cause appearing, the Court orders as follows:

1. The Court approves the Settlement Agreement (attached hereto as Exhibit 1) as fair, reasonable, and adequate in all respects as to the Plaintiffs and Putative Plaintiffs. *See generally Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).

2. The Court dismisses this matter with prejudice. This order constitutes the Court's judgment and judgment is entered as of the date of this order.

**IT IS SO ORDERED.**

Dated: Oct. 16, 2017

EDWARD J. DAVILA
United States District Judge